UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GARY D. BRAZIER; Y.E.S. AUTOMOTIVE, LLC,** }<br>}<br>}<br>    **Plaintiffs,** }<br>}<br>**v.** }<br>}<br>**THOMAS L. HINSON, JR.; WASHINGTON STREET PROPERTY HOLDINGS, LLC; UNITED STATES OF AMERICA,** }<br>}<br>}<br>}<br>    **Defendants.** | **Case No.: 5:17-cv-01015-MHH** |

## ORDER

Plaintiffs Gary D. Brazier and Y.E.S. Automotive, LLC sued defendants Thomas L. Hinson, Jr.; Washington Street Property Holdings, LLC; and the United States of America in the Circuit Court of Madison County, Alabama on May 30, 2017 for actions allegedly taken by the defendants in connection with a piece of real property in Huntsville, Alabama. (Doc. 1-1, pp. 3–12). The plaintiffs allege that Mr. Hinson fraudulently acquired ownership of the property from Mr. Brazier, and they ask the Court to declare that Mr. Brazier owns the property. (Doc. 1-1, pp. 6–11). The plaintiffs assert the following claims for relief: (1) declaratory judgment; (2) deed reformation; (3) equitable relief; (4) constructive trust; (5)

fraud; (6) fraudulent suppression; (7) open account; and (8) malpractice. (Doc. 1-1, pp. 6–11).

The United States contends that the property is subject to forfeit in conjunction with a criminal prosecution that was initiated in the United States District Court for the Northern District of Alabama on January 30, 2017. (*See* Doc. 1, p. 2; *United States v. Thomas L. Hinson, Jr.*, No. 2:17-cr-00050-AKK-TMP). Accordingly, the United States removed the case to this Court pursuant to 28 U.S.C. §§ 1355(a), 1442(a)(1), and 1444. (Doc. 1, pp. 2–3).[1] The United States also filed a motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. 2).

With respect to the plaintiffs' first four counts, the United States argues that 21 U.S.C § 853(k) bars the plaintiffs from challenging the United States' claim to the property in this civil action. (Doc. 2, p. 1).[2] With respect to Counts five through eight, the United States argues that the plaintiffs have not alleged any

---

[1] 28 U.S.C. § 1355(a) provides, in relevant part, that the "district courts shall have original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . . incurred under any Act of Congress." 28 U.S.C. § 1355(a). Under 28 U.S.C. § 1442(a), the United States may remove to federal district court a "civil action or criminal prosecution that is commenced in a State court and . . . is against or directed to [the United States]." 28 U.S.C 1442(a). 28 U.S.C § 1444 allows a party to remove an action concerning property in which the United States claims an interest. *See* 28 U.S.C. § 1444; *see also* 28 U.S.C. § 2410.

[2] As the United States notes in its motion to dismiss, Mr. Brazier is pursuing the rights that he asserts in the property at issue in the ancillary proceedings in *United States v. Thomas L. Hinson, Jr.*, No. 2:17-cr-00050-AKK-TMP. (*See* Doc. 2, p. 3; Doc. 25 in *United States v. Thomas L. Hinson, Jr.*, No. 2:17-cr-00050-AKK-TMP).

government conduct that could give rise to relief.  (Doc. 2, p. 2).  The plaintiffs consent to the United States' motion to dismiss.  (Doc. 6).

Accordingly, the Court **GRANTS** the United States' motion to dismiss. (Doc. 2).  The Court **DISMISSES** Counts one through four of the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and, pursuant to Rule 12(b)(6), the Court **DISMISSES** the United States as a party to this action with respect to Counts five through eight.

The plaintiffs' remaining claims for fraud, fraudulent suppression, open account, and malpractice (Counts five through eight) against Mr. Hinson and Washington Street Property Holdings, LLC are state law claims, and neither the plaintiffs nor the defendants have alleged an independent basis for federal subject matter jurisdiction with respect to those claims.  **On or before August 7, 2017**, the plaintiffs shall **SHOW CAUSE** in writing why the Court should not deny as futile the plaintiffs' motion to amend the complaint (Doc. 6) and remand the remaining state law claims in this action to state court.

The Court directs the Clerk to please **TERM** Doc. 2.

**DONE** and **ORDERED** this July 25, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE