UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY D. BRAZIER; Y.E.S. AUTOMOTIVE, LLC,<br><br>　Plaintiffs,<br><br>v.<br><br>THOMAS L. HINSON, JR.; WASHINGTON STREET PROPERTY HOLDINGS, LLC; UNITED STATES OF AMERICA,<br><br>　Defendants. | Case No.: 5:17-cv-01015-MHH |

## ORDER

This case is before the Court on a *sua sponte* review of the docket.  Plaintiffs Gary Brazier and Y.E.S. Automotive, LLC filed this action in the Circuit Court of Madison County, Alabama on May 30, 2017.  (Doc. 1–1).  The plaintiffs assert claims against Thomas Hinson for alleged fraud in connection with a piece of real property located in the City of Huntsville, Alabama.  (Doc. 1–1, pp. 4–6).  The plaintiffs also named the United States as a defendant because the real property at issue was subject to federal forfeiture proceedings.  (Doc. 1, p. 2).  The United States removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a)(1) and 1442(a) because the United States was a named defendant and because Congress

has given the federal courts exclusive jurisdiction over the statutory scheme governing federal forfeiture proceedings. (Doc. 1, pp. 2–3).

After removing the case, the United States filed a motion to dismiss Counts I – IV of Mr. Brazier's complaint because those claims constituted the plaintiffs' attempt to assert ownership of the property, and those claims could be addressed only in the pending federal criminal forfeiture proceedings. (Doc. 2, p. 1). The United States also asked the Court to dismiss the plaintiffs' remaining claims against the government, Counts V – VIII, because those claims did not contain allegations of wrongdoing by the government. (Doc. 2, p. 2). The plaintiffs conceded that the first four claims were subject to federal forfeiture proceedings, and the plaintiffs consented to the dismissal of the United States as a defendant. (Doc. 6). The plaintiffs asked for leave to file an amended complaint. (Doc. 6).

The Court granted the United States' motion and dismissed the government as a defendant in the case. (Doc. 9). Because the United States no longer is a party and because no other basis for federal subject matter jurisdiction appears on the face of the complaint, the Court directed the plaintiffs to show cause why their request to amend the complaint would not be futile and why the Court should not

remand the case to state court. (Doc. 9, p. 3).[1] The Court directed the plaintiffs to respond by August 7, 2017. (Doc. 9, p. 3). To date, the plaintiffs have not responded to the Court's order.

Although the Court had jurisdiction over this action when the United States was a party and removed the case from state to federal court, the Court finds no independent basis for the exercise of federal jurisdiction over the state law claims that remain following the dismissal of the United States. A federal district court may exercise jurisdiction over state law claims if the plaintiffs and the defendants are completely diverse and more than $75,000 is in controversy. 28 U.S.C. § 1332(a). The complaint does not indicate the citizenship of the remaining parties to this action; the complaint states only that Mr. Brazier is a resident of Madison County, Alabama and that Mr. Hinson is a resident of Jefferson County, Alabama.[2] Residency is not synonymous with citizenship for purposes of diversity jurisdiction under § 1332; however, because the plaintiffs have not responded to the Court's show cause order, the Court assumes for purposes of this order that Mr. Brazier

---

[1] In the motion to amend, the plaintiffs indicated their interest in amending their complaint to conform with the dismissal of the United States as a party to this action. The plaintiffs did not indicate that they wished to add a federal claim to their complaint. (Doc. 7).

[2] Mr. Brazier "is the sole member and manager" of co-plaintiff Y.E.S. Automotive, LLC, an unincorporated business association located in Madison County, Alabama. (Doc. 1–1, p 3). Because Y.E.S. Automotive is an LLC and because Mr. Brazier is the sole member of that LLC, Mr. Brazier and Y.E.S. Automotive share the same citizenship. *See Porter v. Crumpton & Assoc's, LLC*, 862 F. Supp. 2d 1303, 1308 (M.D. Ala. 2012).

and Mr. Hinson both are citizens of Alabama. Therefore, the plaintiffs and the remaining defendants are not completely diverse.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. Therefore, the Court remands this case to the Circuit Court for Madison County, Alabama for further proceedings. The Court asks the Clerk to please close the file.

**DONE** and **ORDERED** this January 4, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE